1. WILLS (§ 114*)—FORM AND CONTENTS—REFERENCE TO OTHER WRITINGS.
    An unattested paper, which is of testamentary character, cannot be taken as a part of the will, even if referred to by that instrument.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 234; Dec. Dig. § 114.*]

2. WILLS (§ 98*)—CONSTRUCTION—INTENT.
    Even when testator's meaning is in balance, it is the duty to ascribe normal rather than eccentric purposes; and where a will gave testator's entire estate to his wife, and directed that certain corporate stock mentioned in an agreement, identified by parties and date, should pass under the will, subject to the provisions of the agreement, and there was no indication that testator intended to make the agreement a part of the will, such agreement, which, if considered a part thereof, would make no change in its provisions, should not be included as a part of the will.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 234, 235; Dec. Dig. § 98.*]

In the matter of the probate of the alleged last will of Barton W. S. Martindale. Will admitted to probate.

Dykman, Oeland & Kuhn (John J. Kuhn and William W. Taylor, of counsel), for proponent.

Foley & Powell (Henry A. Powell, of counsel), for respondent.

KETCHAM, S. The will propounded contains a gift and devise of the entire estate to the testator's wife. It then proceeds as follows:

"Third. It is my will and I hereby direct that the capital stock of the Martindale Agency, mentioned in a certain agreement entered into between George B. Martindale and myself and bearing date the 7th day of January,

1909, of which I may die possessed, shall pass under this will subject to all the terms and provisions of the said agreement."

The question is presented by proper answer whether or not, in the probate and record of the will, shall be included, as a part thereof, the entire agreement referred to in the third paragraph of the will. It is "unquestionably the law of this state that an unattested paper, which is of a testamentary character, cannot be taken as a part of the will, even if referred to by that instrument." Booth v. Baptist Church, 126 N. Y. 215, 224, 28 N. E. 238, 242.

Whether or not an instrument purely contractual can ever be made a part of a will by reference, there is no intention revealed in this will that the instrument therein mentioned shall be a part thereof. Even when a testator's meaning is in balance, it is the duty to ascribe normal rather than eccentric purposes. In this case the incorporation of the extrinsic paper would be useless, for it would change nothing. There is no indication that the testator intended to load his will with a mass of words which, if introduced, would not affect the disposition of his estate. Hence, in the absence of any evidence to the contrary, it must be found that he did not harbor an idle and fantastic purpose, and that it did not occur to him that a part of his will was the contract in question.

The will should be admitted according to its face.

Decreed accordingly.