In the Matter of the Estate of MICHAEL G. RYAN, Deceased.

Surrogate's Court, Kings County, March 19, 1930.

*C. Elmer Spedick*, for the petitioner.

*White & Case* [*Kenneth C. Johnson* of counsel], for the Farmers and Merchants National Bank of Los Angeles, as executor, etc.

WINGATE, S. The sole question of importance in the case at bar is as to the propriety of a distribution of New York assets by an ancillary executor appointed in this State. The facts involved are somewhat unusual, but by no means unique. Testator was a resident of California and left a will and codicil which are in all respects valid under the laws of both States. They were originally admitted to probate in California. Decedent had property located both here and there. All creditors in both localities are paid. By item " Second " of his will he devised the entire residue of his estate *located in the State of California*, except six legacies of one dollar each and the possible completion of a New York trust for Bessie R. Hurley, to the Farmers and Merchants National Bank of Los Angeles in trust for his son, and by item " Third " he gave, absolutely, the entire residue of his estate *located in the State of New York* to his daughter. In item " Sixth " he named the Farmers and Merchants National Bank of Los Angeles executor " pertaining to my estate within the State of California," and William F. Brown of New York " Executor of this my last will and Testament, within the jurisdiction of the State of New York and for the purpose of administrating upon all property of which I might die possessed within said State of New York."

By a codicil he gave the residue of the California trust to the New York daughter and a granddaughter and provided that a certain claim not specifically designated as belonging to either locality, but conceded to be a New York item, should be divided equally between the New York daughter and the California trust for the son.

Three questions are raised: *First*, concerning the propriety of the inclusion as an asset item by the ancillary executor of the sum of $471.29, which, at the time of the death, was on deposit with the American Exchange Irving Trust Company in New York city and was collected by the California executor, but never paid or offered by the California executor to the New York executor, and the claim of a like credit for payment to the California executor on account of the sums distributable to the California trust under the codicil; *second*, whether or not the New York portion of the estate is liable for a part of the final Federal income tax assessed against the decedent, and, *third*, as to the propriety of a distributive payment on account to the New York daughter from the New York funds in the hands of the ancillary executor. These questions will be considered in order.

The reason why the New York bank balance was collected by the California executor is not made to appear. Whether or not such action may be morally excusable on the ground of honest mistake, its action was unquestionably legally indefensible. The power and authority of an executor is strictly limited to the grant in the will. (*Willis* v. *Sharp*, 113 N. Y. 586; *Matter of Kohler*, 231 id. 353, 365; *Matter of Andrews*, 43 App. Div. 394, 401; affd., 162 N. Y. 1; *Kellogg* v. *White*, 103 Misc. 167; modified, 186 App. Div. 911.) As is said in the last cited case: " An ' executor ' is a person appointed to carry the will into effect after the testator's death and to dispose of his estate according to its tenor. The executors of a will are to take it as written."

Since, in the instant case, the power of the California executor was granted only as to assets there located and any authority over property in New York was expressly excluded by its gift to another, its interference with such property was as legally wrong as if such act had been committed by a stranger. Therefore, any argument against a full administration by the New York executor, based upon its own wrong, is more interesting by reason of its naivete than of its convincing quality. It is, of course, true that the payment due it under the provisions of the codicil is in its capacity as trustee and that this tortious act was committed in its capacity as executor, but this distinction under the facts presented resembles the proverbial straining at a gnat and swallowing

a camel. This difficulty may readily be remedied by its making restitution to the New York executor who can then indorse the draft received back to it in its trust capacity. It is even conceivable that the same result might be reached by an appropriate book entry at considerable saving of the effort of all concerned. In view of this ease of remedy and the fact that no offer of restitution has been made by the California executor, this objection is overruled.

Adverting to the second objection, the place of payment of the tax is a question purely of Federal regulation and is governed by regulation 69, article 442, holding the domiciliary representative responsible for the filing of the return and the payment of the tax. How this question might have been determined had a formal proof of claim been presented against the ancillary executor under facts similar to those here found, may well be left for decision when such a case is presented.

The third objection, relating to the distributive payments under Schedule " E " and involving the question of the propriety of direct distribution by the New York executor is also overruled. It is well settled that permission to an ancillary executor to distribute is solely within the discretion of the court. (*United States Trust Co.* v. *Wood*, 146 App. Div. 751, 753; affd., 205 N. Y. 564; *Despard* v. *Churchill*, 53 id. 192, 199, 200; *Matter of Hughes*, 95 id. 55, 59, 60.) In this, as in all other matters relating to the administration of decedents' estates, testator's intention, so far as ascertainable from his will, is of paramount importance. The terms of the present will do not leave his intentions in this regard in the slightest doubt. The New York daughter has the paramount claim to the New York assets and it was obviously for this reason that the testator gave sole authority in his will over such assets to his New York executor. The court will not compel her to cross the continent to enforce her claim against assets which are now here. (See *Caulfield* v. *Sullivan*, 85 N. Y. 153.) The fact, if such it be, that the California courts may impose some liability upon the California executor by reason of its improper intermeddling with assets to which it had no right, presents no reason for reaching a contrary result.

Submit decree, on notice, accordingly.