S. Samuel Di Falco, S.
This is an accounting proceeding in which the court is asked to determine whether assets of the estate located in New York should be distributed directly to legatees or whether they should be transmitted to the California administrator for distribution there.
The deceased until three years prior to his death had been a New York resident. He had prepared a will here naming the Chase Manhattan Bank executor. He then moved to California, purchased real estate, established his residence and executed three codicils to the will. The codicils disposed of his California realty, enlarged the legacy of a niece, a California resident, dropped one of the named executors but retained the Chase Manhattan Bank. Most of the estate is here in New York.
After decedent’s death, the executor petitioned for the probate of the will and codicils in this jurisdiction. A contest ensued which was subsequently settled and the objections were withdrawn. Letters testamentary were then issued to the Chase Manhattan Bank.
Shortly thereafter, the decedent’s niece, a legatee, applied to the Los Angeles Probate Court for letters of administration c. t. a. That court granted letters to the public administrator of Los Angeles.
Although the letters issued to the Chase Manhattan Bank were in form letters of original probate, it would appear that *81 in reality the deceased being a resident of California the domiciliary administration is there and the administration here is therefore in its nature ancillary.
The public administrator of Los Angeles as administrator c. t. a. has objected to the proposal of the executor to distribute the assets in its possession to the legatees directly rather than to remit them to the domiciliary representative in California for distribution by him.
Section 164 of the Surrogate’s Court Act requires an ancillary representative, unless otherwise directed, to transmit property in his hands to the State where the principal letters were granted. Section 165 provides that a Surrogate may by a decree direct distribution of assets to the " legatees or next of kin, or otherwise dispose of the same, as justice requires ”. (Iowa v. Slimmer, 248 U. S. 115; Matter of Hughes, 95 N. Y. 55; Parsons v. Lyman, 20 N. Y. 103.) Therefore, the question is, should the court in its discretion order distribution to be made here.
There are a number of factors which require this court to direct that there be a distribution by the executor here rather than a transmission of the assets to the domiciliary jurisdiction.
First, the expressed or implied intention of the testator as indicated in the will (Matter of Ryan, 136 Misc. 261): Here, the sole executor is the Chase Manhattan Bank. Since the bank cannot act in California, by implication testator might be said to have contemplated a New York administration. Second, the residences of the legatees (Matter of Hughes, supra): There are 19 legatees who are New York residents or charitable organizations located in New York. In addition, two nonresident legatees have requested local distribution. The executor is in a position to make almost immediate distribution. A considerable delay would be caused by remitting the assets to California. Delay and circuity should be avoided (Dammert v. Osborn, 140 N. Y. 30). Third, almost all of the legatees have appeared in this accounting proceeding. (United States Trust Co. v. Wood, 146 App. Div. 751, affd. without opinion 205 N. Y. 564.) Fourth, a large saving of fees and commissions would result by direct distribution (Matter of Martin, 255 N. Y. 359; Matter of Van Zandt, 142 Mise. 663), and fifth, over 85% of the assets of the estate is located in New York (Parsons v. Lyman, supra). The objection of the administrator c. t. a. is, therefore, overruled.
Another objection to the account has arisen over the legacy to Sophie Okun, a predeceased cousin of the testator. The *82 attorney for the executor has taken the position that this legacy has lapsed. Sophie Okun was survived by a son, Sid Lens, who claims the legacy. Since the deceased was admittedly a resident of California at the time of his death, the law of California must be applied to determine whether or not the legacy lapsed. (Bishop v. Bishop, 257 N. Y. 40; Cross v. United States Trust Co., 131 N. Y. 330; Matter of Samuels, 205 Misc. 368; Decedent Estate Law, § 47.) Section 92 of the Probate Code of California, which is broader than section 29 of our Decedent Estate Law insofar as it applies to any kindred of the testators, provides that where: ‘ ‘ a devisee or legatee dies during the lifetime of the testator, * * * the testamentary disposition to him fails * * * except that when any estate is devised or bequeathed to any kindred of the testator, and the devisee or legatee dies before the testator, leaving lineal descendants, or is dead at the time the will is executed, but leaves lineal descendants surviving the testator, such descendants take the estate so given by the will in the same manner as the devisee or legatee would have done had he survived the testator ”,
As no question has been raised as to the status of Sid Lens as the son of Sophie Okun, the named legatee, the objection of Sid Lens is sustained and he is entitled to the legacy bequeathed to his mother.
Submit decree on notice settling the account accordingly.