S. Samuel Di Falcó, S.
The ancillary administrators c. t. a. have accounted for the assets collected in this jurisdiction. One of them, Mrs. Julia Stratton, is concededly entitled under the law of the decedent’s domicile (Switzerland) to a seven-eightieth share of the distributable estate. She has filed a separate supplemental account which lists as property on hand assets in New York having a value of $57,341.70, property in Switzerland having a value of 371,317.57 francs, or $86,386.33 at the rate of exchange stated in her account, and $5,384.32 on deposit in England. She is a resident of New York, and she asks the court to distribute, out of the New York assets, her seven-eightieth share of the entire estate on the basis of the values set forth in her account. Other parties interested in the estate object to the inclusion in her account of any property outside the State of New York. They assert that the valuation of her interest in the estate is determinable by the laws of Switzerland, that it must be left for adjudication by the Swiss courts, and that the entire balance on hand should be transmitted to Switzerland. The objectants further rely upon a prior decree of this court as an adjudication that all of the assets should be transmitted to the domicile. They also argue that her conduct throughout the entire administration has been so obstructive that, in any event, this court should not direct any distribution to her.
There is no dispute in respect of the property located in New York or its valuation. However, the nature and the value of the assets outside New York are not agreed upon. The ancillary administratrix c. t. a. attempted to prove the existence and valuation of property abroad, but the evidence offered by her, in the form of letters and statements by banks, was ruled inadmissible. In order to frame the question for decision and to present a record upon which she could argue her demand, without the delay and expense of getting competent proof from abroad, it was stipulated by counsel ‘1 that there are assets belonging to the estate of the above named decedent in Switzerland and England as well as in New York, and it is reasonable to anticipate that Julia Stratton will be entitled to receive a portion of said property.” On the basis of this stipulation she asks the court to make a ruling that there be distributed to her seven eightieths of the entire estate, subject to proof of valuation of all assets.
Mrs. Stratton is an elderly lady. There has been considerable litigation between her and the other heirs, both here and *1001 in Switzerland. Undoubtedly, the mutual feelings of hostility and animosity were deepened by, if not actually caused by, this litigation. Her present fear seems to be that if her share is left to depend upon further administration in Switzerland, there may be attempts to exact retribution for the delays allegedly caused by her with the result that she may never receive her inheritance during her lifetime. The objectants take the position that her interest in the estate arises not from the will but from the Swiss law of forced heirship, that the litigation has caused expense to the estate and damage to other beneficiaries, and that only the Swiss courts are competent to make a final settlement of the estate.
This court is of the opinion, in which the Swiss courts will undoubtedly fully concur, that the long administration of this estate should be brought to a conclusion, and that complete distribution of the assets should be made as soon as reasonably possible.
It is not necessary to determine now the precise limits of this court’s power to take into account all assets when making a distribution here, because the facts in this case are such that it would not be possible for the court to make any distribution on the basis of the foreign assets, even if it has power to do so. Counsel for the foreign beneficiaries asserts that foreign administration expenses must be paid, English and Swiss inheritance taxes have not been paid in full, and that there remains for determination in Switzerland the amount of interest, if any, which must be paid on legacies which have been withheld for more than 12 years because of Mrs. Stratton’s litigation. Counsel for the ancillary administratrix disputes that there are any inheritance taxes due and unpaid and that foreign administration expenses are due and payable. These are matters that this court will be unable to decide. They must be determined by the court of domicile before whom the final accounting will be rendered and to whom the claims, if any, for taxes, administration expenses and interest will be presented. The courts of that jurisdiction will be able to make a judicial settlement of the account, to fix the charges allocable to the fund as a result of the administration at the domicile, and to fix finally the share of each beneficiary and the charges that may be assessed against it. It would be impossible for this court to attempt any such task even if it had the power to do so.
However, there would appear to be no good reason why the ancillary administrators c. t. a. should not distribute to Mrs. Stratton her proportionate share of the New York assets. While there is no agreement on the value of the foreign assets, *1002 there is no dispute that they are substantial and will be more than sufficient to satisfy all anticipated charges. Indeed, it has been stipulated that “it is reasonable to anticipate that Julia Stratton will be entitled to receive a portion of said property.” Moreover, at the hearing on October 18 it was conceded on the record that there would be no prejudice in paying to her the seven-eightieths share of the net New York assets. Distribution of her share in these assets would avoid needless circuitry, would obviate transmission and retransmission of the funds and would permit her to enjoy immediately a portion of her inheritance. The court will, therefore, direct that Mrs. Stratton’s seven-eightieth share of the net distributable New York assets shall be paid to her and that the balance be distributable to the domicile for the benefit of the other persons entitled thereto. (Matter of Hughes, 95 N. Y. 55, 60; Matter of Meyer, 125 Misc. 361, 364, affd. 216 App. Div. 735, affd. 244 N. Y. 598; Matter of Bliss, 121 Misc. 773; Matter of Horwich, 10 Misc 2d 79.)
The prior decision of the court is not decisive on the question here presented. At that time, there were proceedings pending in Switzerland and Mrs. Stratton was the one there contending that there existed ‘ ‘ a probability that the estate may prove to be insolvent.” (N. Y. L. J., Nov. 2, 1959, p. 13, col. 1.) Her supplemental account states that the action has been 11 withdrawn and dismissed as of February 28, 1960. Thus the Estate is now free from any creditor’s claim.” The situation is quite different, therefore, than when the court expressed the opinion that all of the assets would have to be transmitted to the domicile.
The objections to the inclusion of the foreign assets in the supplemental account are sustained. The objection to the listing of the request for payment as a “personal claim” is sustained. The request for distribution of assets is granted to the extent hereinabove.