BEATRICE L. SALESKY, Plaintiff, *v.* HAT CORPORATION OF AMERICA et al., Defendants.

First Department, December 17, 1963.

*Simon Rose* of counsel (*Herbert N. Bobrow* and *Donald J. Wollins* with him on the brief; *Phillips, Nizer, Benjamin, Krim & Ballon,* attorneys), for plaintiff.

*Alan U. Schwartz* of counsel (*Morris L. Ernst, Henry M. di Suvero* and *Edward R. Bendet* with him on the brief; *Greenbaum, Wolff & Ernst,* attorneys), for Edna Seidman, defendant.

*Krisel, Lessall & Dowling* for Hat Corporation of America, defendant.

*Per Curiam.* This is a submission of a controversy pursuant to rule 3222 of the Civil Practice Law and Rules.

The plaintiff is the wife of the late Bernard Salesky, a former president of the defendant corporation. In November, 1959 Salesky entered into an agreement with the corporation, the purpose of which was "to provide for the employment of [Salesky] for a period ending October 31, 1969, to provide a retirement allowance for [Salesky] thereafter, and to provide a pension for a limited period for [Salesky's] wife after his death". Paragraph 7 of said agreement provided that upon Salesky's death during the term of employment or during his retirement the corporation would pay "to his widow for a period of six (6) years or until her death", the sum of $10,000 per annum.

The agreement also provided for its ratification by a majority of the stockholders at the 1960 annual meeting. Failing of such ratification the agreement was to terminate at the end of the month in which the meeting was held. Thereafter, upon notice, the agreement was submitted to the stockholders and at the annual meeting held in February, 1960, a majority of the stockholders (including Salesky's wife, the plaintiff in this controversy who was also a stockholder) ratified and approved the same.

Thereafter at a meeting held by the board of directors on May 28, 1962, a resolution was adopted authorizing the amendment of paragraph 7 of the agreement so as to substitute Salesky's sister — a codefendant with the corporation — in place of the plaintiff as the beneficiary under said paragraph. Pursuant to such authorization — and without notice to or approval by the stockholders, the agreement was so amended by the execution of a written agreement between the corporation and Salesky.

Salesky died on February 2, 1963 and subsequent to his death both the plaintiff wife and the defendant sister made claim upon

the corporation for the payments due under paragraph 7 of the agreement. The corporation refused to make payment to either and this submission ensued.

The plaintiff, widow of Salesky, contends that the subsequent amendment of paragraph 7 of the agreement was null and void and that, accordingly, she is entitled to the payments. The defendants, the corporation and Salesky's sister, contend that the amendment was effective and that, as a result, the sister is entitled to the payments. We agree with the position of the defendants and hold the purported amendment to be effective.

In support of her contention the plaintiff urges that as a donee beneficiary of the original agreement her rights thereunder were vested as of the time the contract was executed and she could not be deprived thereof without her consent. The defendants on the other hand argue that plaintiff had no vested rights and that the agreement could be amended, as was done, by the mutual consent of the contracting parties — Salesky and the corporation.

We conclude that no vested rights accrued to the plaintiff. The Restatement of the Law of Contracts (§ 142) and Williston (Williston, Contracts [3d ed.], § 396) would appear to support the proposition that the rights of a donee beneficiary vest upon the execution of the agreement. However, the law in this area is unsettled and there is a divergence of view in the different jurisdictions (see Williston, Contracts [3d ed.], § 396 and cases cited therein).

There appears to be no authority in this State directly holding that a third-party donee beneficiary in circumstances such as are here present acquires vested rights immediately upon the execution of the agreement between the promisor and the promissee.* There are cases in New York, however, which hold that no rights vest in a donee beneficiary at the time the contract is executed where the promissee continues to exercise complete control over the subject matter of the " gift " (cf. *Matter of Totten,* 179 N. Y. 112; *McCarthy* v. *Pieret,* 281 N. Y. 407). It would appear that the reason that such retention of control negatives vesting is that the promissee could by his conduct render nugatory the donee's " expectancy ". Indeed in some jurisdictions the courts have held that no rights vest in a donee beneficiary even though there was no such retention of control (see, e.g., *Camden Trust Co.* v. *Haldeman,* 133 N. J. Eq. 427; *Plott* v. *Kittelson,* 58 N. D. 881).

---

* The case of *Knowles* v. *Erwin* (43 Hun 150, affd. 124 N. Y. 633) relied upon to support plaintiff's position was decided on the basis that the peculiar facts there present in effect made the one seeking to enforce the agreement a creditor beneficiary.

The instant agreement would appear to fall in the mid-area between the "complete control" cases and those where there is no control whatever. While it would appear that the state of our law is such that we would be free to adopt the view of the jurisdictions which find no vesting even absent any retention of control we need not reach that conclusion. The agreement does permit of control by the promisee. It expressly permitted its termination by either of the contracting parties upon notice. Such termination without plaintiff's consent could and would effectively foreclose the plaintiff from obtaining any benefits. In such circumstances we conclude that the rights of plaintiff had not vested prior to the execution of the purported amendment.

There being no rights vested in the plaintiff under the agreement the contracting parties could modify, amend or rescind the same without her consent.

Counsel for the plaintiff conceded upon argument that the board of directors did have the power to enter into the agreement without the necessity for stockholder ratification. Furthermore, he conceded that whatever rights accured to the plaintiff accrued immediately upon the execution of the agreement and not upon ratification. It should be noted that the agreement itself calls for its termination upon the failure to ratify rather than its effectiveness being conditioned upon ratification. Thus it would appear that the mere fact that the agreement was ratified by the stockholders does not preclude the board of directors, acting on behalf of the corporation, together with Salesky, from amending it without further stockholder ratification.

Be that as it may the requirement in the agreement of "ratification" does not limit such power vis-a-vis this plaintiff as an individual. Whether or not the stockholders of the corporation could object to the amendment of the agreement without ratification need not be now determined. It suffices, for purposes of this submission, to conclude that this plaintiff, as an individual, with no vested rights under the agreement, may not be heard to complain of the failure to obtain stockholder ratification of the amendment.

Accordingly, judgment should be entered in favor of the defendant, Edna Seidman.

RABIN, J. P., McNALLY, STEVENS, EAGER and STEUER, JJ., concur.

Judgment directed in favor of defendant Edna Seidman. Settle order on notice.