■ In the Matter of the Estate of JULIA ZEH, Now Known as JULIA M. Z. LOWE, Deceased. MARY L. HOWELL et al., Appellants; JULIE Z. TOMPKINS et al., Respondents.— In proceedings (a) to probate certain instruments, respectively dated October 14, 1941 and April 1, 1953, as the last will and testament of Julia M. Zeh, also known as Julia M. Zeh Lowe; (b) for a construction of the 1941 will; (c) for a determination of claims pursuant to section 211-b of the Surrogate's Court Act; and (d) for a determination as to the effect of the 1941 will (which was a joint will executed by the decedent Julia M. Zeh and by her former husband, Frederick A. Zeh, and which had been admitted to probate in 1947 as the last will of said Frederick A. Zeh) upon the 1953 will, insofar as the rights of parties were concerned, the appeal is from so much of a decree of the Surrogate's Court, Suffolk County, entered June 3, 1965 as: (1) adjudged that the 1941 will, which was admitted to probate, was and is a joint will of Frederick A. Zeh and Julia M. Zeh, also known as Julia M. Zeh Lowe, and that upon its probate in 1947 and upon the acceptance by Julia M. Zeh of its benefits, she became bound by its provisions; (2) adjudged that the 1941 will, upon its probate and the acceptance of its provisions by Julia M. Zeh, constituted a contract which bound Julia M. Zeh and her personal representative as to the provisions thereof and was enforcible by the beneficiaries under the 1941 will; (3) enjoined the petitioner bank from distributing the assets of Julia M. Zeh Lowe in the manner provided for in her last will and testament dated April 1, 1953 and admitted to probate on December 3, 1964; and (4) made appropriate provisions disposing of the estate of Julia M. Zeh Lowe in accordance with the provisions in the will dated October 14, 1941.

Decree modified on the law by striking out all of its decretal paragraphs, except the last one, and by substituting therefor provisions: (1) adjudging that the 1941 joint will did not constitute a contract between Frederick A. Zeh and his wife, Julia M. Zeh, which bound the survivor to dispose of his or her estate in the manner provided for in the 1941 will; and (2) making appropriate directions as to the disposition of the estate of Julia M. Zeh Lowe solely in accordance with the terms of the will dated April 1, 1953. As so modified, decree affirmed, with costs to both sides payable out of the estate, and proceedings remitted to the Surrogate's Court for the entry of a decree in accordance herewith. No issues of fact were considered. The issue is whether a joint will executed by the decedent and her husband on October 14, 1941 constituted an agreement or contract whereby the survivor became bound to dispose of his or her estate in the manner specified in the joint will. The second paragraph of the joint will provided that " *We give*, devise and bequeath *all* of the Estate, of whatsoever kind and nature and wheresoever situate, of which we, or either of us, may die seized and/or possessed or in which we, or either of us, may have any interest or to which we, or either of us, may be entitled at the time of our respective deaths, each unto the other, meaning thereby that the survivor of us *shall be the absolute owner*, to him or to her to have and to hold, his or her heirs and assigns *absolutely and forever of all that both of us possess*." (Emphasis added.) The third paragraph provided: " Upon the death of the survivor of us, or in the event that our deaths should occur simultaneously, or approximately so, or in the same common accident or disaster, or under circumstances causing doubt as to which of us survived the other, we, or the survivor of us, give, devise and bequeath unto our children FANNIE REBECCA HOWELL and WILLIAM ARTHUR ZEH all of the Estate of which we, or said survivor, shall die seized and/or possessed in the manner and form as follows, to wit: " 1. We, or said survivor, give and devise all of the real property together with all buildings thereon and equipment used in connection therewith, of which we, or said survivor, may die seized and/or possessed or in which we, or said survivor, may have any interest or to which we, or said survivor, may be entitled at the time of our deaths, or at the death of said survivor, to our son, WILLIAM ARTHUR ZEH, to him to have and to hold, his heirs and assigns absolutely and forever. 2. We, or the survivor of us, give and bequeath unto our children FANNIE REBECCA HOWELL and WILLIAM ARTHUR ZEH, share and share alike, all of the personal estate of which we, or said survivor, may die possessed, including by way of illustration but not of limitation all furniture and furnishings, jewelry, trinkets and any and all other articles of like nature, together with all moneys in banks, bank deposits, stocks, bonds, mortgages and moneys due or to become due." In our opinion, when the phraseology of the second paragraph is considered in the light of (1) the dictionary definitions of "absolute" and "absolutely" (see, e.g., Black's Law Dictionary), (2) the rule that clear and convincing proof is essential to establish joint or mutual wills as irrevocable (*Swerdfeger* v. *Swerdfeger*, 4 A D 2d 535, 537; *Wallace* v. *Wallace*, 216 N. Y. 28, 37, 38; *Kellogg* v. *White*, 103 Misc. 167, 172, mod. as to costs, 186 App. Div. 911; *Matter of Silverman*, 43 Misc 2d 909, 911; 1 Davids, New York Law of Wills, § 423; cf. *Tutunjian* v. *Vetzigian*, 299 N. Y. 315; *Rastetter* v. *Hoenninger*, 214 N. Y. 66) and (3) the rule that " Where there is an absolute gift of real or personal property, in order to qualify it or to cut it down, the latter part of the will should show an equally clear intention to do so by the use of words definite in their meaning, and by expressions which must be regarded as imperative" (*Tillman* v. *Ogren*, 227 N. Y. 495, 505; *Matter of Conklin*, 14 A D 2d 171, 173), it should not be held that the 1941 joint will constituted an agreement or contract whereby the

survivor became bound to dispose of his or her estate in the manner provided for in the joint will (cf. *Kellogg* v. *White, supra*; *Matter of Silverman, supra*). Ughetta, Acting P. J., Christ, Brennan and Hopkins, JJ., concur; Hill, J., dissents and votes to affirm the decree.