OPINION OF THE COURT
Jasen, J.
On this appeal we are asked to determine whether the joint will of a husband and wife embodies an agreement by each of the testators to dispose of their respective estates in the manner specified in such will.
On March 18, 1966, Michael and Rose De Filippo, husband and wife, executed a joint reciprocal will which provided in part:
"THIRD: We give to the survivor of us all our property, both real and personal, wherever situated, whether owned by us jointly or severally.
"FOURTH: In the event we die simultaneously or under such circumstances that the evidence is not sufficient to determine the question of survivorship between us, or if either of us predeceases the other, then we jointly, mutually and individually give, devise and bequeath all of the rest, residue and remainder of our property, both real and personal and wheresoever situated, or to which we or either of us may be entitled at the time of our death, to our beloved children, CIARINO DeFILIPPO and TILLIE DeFILIPPO, who shall survive us, share and share alike, per stirpes and not per capita.”
Rose died on August 18, 1967, whereupon the 1966 instrument was admitted to probate. Pursuant to the terms of that will, Michael received Rose’s entire net estate.
On October 29, 1973, Michael opened two accounts at Chemical Bank, one in trust for his daughter Corinne (Ciarino) and the other in trust for his daughter Attilia (Tillie). In March, 1974, Michael removed Corinne and Attilia as beneficiaries, and left one of the accounts without a named beneficiary, while naming a friend, Giuseppe Battista, beneficiary of the other trust account.
After remarrying, Michael executed a second will on May 16, 1974, which upon his death was admitted to probate. This will included a clause expressly disinheriting his daughters "for reasons well known to them”, and provided that his estate be used principally to enlarge and refurbish a mausoleum located in Naples, Italy. The balance of the estate was to be divided among three nephews living in Italy.
It is established in this State that two persons may *624 validly agree to dispose of their estates in a particular manner, and that such an agreement may find expression in a joint or mutual will. (Schwartz v Horn, 31 NY2d 275, 279; Rastetter v Hoenninger, 214 NY 66, 71-72.) Similarly beyond dispute is the principle that once a party to such a will has accepted the benefits granted him under that instrument, he, too, must adhere to its terms, for equity would be ill-served if, after one party had honored the agreement, the other party, having reaped its fruit, were at liberty to uproot it. (Morgan v Sanborn, 225 NY 454, 462; Hermann v Ludwig, 186 App Div 287, 297, affd 229 NY 544.)
 While the applicable principles are clear and settled, there is still the question remaining as to whether the joint will embodies an agreement by each of the testators to dispose of their respective estates in the manner specified in such will. Many times we have noted that "The law does not view the renunciation of the right to alter or revoke a will as a casual matter” (Oursler v Armstrong, 10 NY2d 385, 389; Rubin v Irving Trust Co., 305 NY 288, 302), and in keeping with this principle we have declined to find joint or mutual wills contractually binding where such intent was left to conjecture. Thus, where a husband and wife executed mutual wills, rather than joint wills, which lacked contractual language, no contract was found. (10 NY2d 385, supra.) The same result was reached where the terms of a joint reciprocal will between a husband and wife devised all their property to the survivor "absolutely”, since an absolute grant is inimical to the divestiture of testamentary power. (Matter of Zeh, 24 AD2d 983, affd 18 NY2d 900.) By contrast, where extrinsic evidence revealed that the parties to a joint reciprocal will intended that it be a binding contract, we have given their intent effect. (Matter of Wiggins, 39 NY2d 791; Rubenstein v Mueller, 19 NY2d 228.)
In Tutunjian v Vetzigian (299 NY 315, 320), presented with a nearly identical issue, we stated: "While the mere execution of a joint reciprocal will may not suffice to establish such a contract [citations omitted], the language used by the testators in this case supplies evidence of such an underlying obligation. Thus, it is 'We’, not T * * *’ who make and publish 'this’ to be 'our’, not 'my’, last will and testament”. Such language "imports the joint disposition of the collective property of both, not the independent disposition by each of his own.” (Rastetter v Hoenninger, 214 NY, at p 72, supra.) The continued viability of this position was confirmed in Rich v Mottek (11 NY2d 90). In that case, confronting the same question posed today, we declared that "the terms of the will impose a clear obligation on the part of husband and wife to provide, at *625 death, first for each other and then for their children.” (Rich v Mottek, 11 NY2d, at p 94, supra.)
The same factors which impelled this court in Rich v Mottek (11 NY2d 90, supra) to find a contract are present here. The joint reciprocal will was executed by a husband and wife, naming their children ultimate beneficiaries. A natural inference flows from the relationships of the parties that the joint will was intended to be obligatory. Furthermore, the use of plural pronouns in the joint will suggests that the testators’ dispositions were interdependent. These factors, taken together, reflect and establish an agreement between the testators to dispose of their respective estates in the manner specified in the jofiit will. Since the husband breached the agreement by executing a will other than that agreed upon, the Appellate Division properly compelled the husband’s executors to fulfill the agreed upon testamentary disposition.
In the view thus taken, it is unnecessary to consider the propriety of the Trial Judge’s ruling which excluded the testimony of the draftsman of the will offered by the children with respect to the intent of the testators at the time of the execution of the joint will. Although we find that a contract exists in this case, we hasten to add that using .other less ambiguous methods of executing a contract will obviate the need for surmise as to the parties’ intent. An express contract, apart from the joint will, or clear and unambiguous contractual language incorporated into the joint will would dispel all confusion, and ensure achievement of the desired result.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed.