■ In the Matter of the Estate of TEOFIL WIERZBIENIEC, Deceased. — Decree unanimously modified and as modified, affirmed, with costs to respondent, in accordance with the following memorandum: Petitioners appeal from a decree of Surrogate's Court which held that the May, 1959 joint reciprocal will executed by decedent and his wife was not a contract between the parties and which further determined that decedent was free to do anything that he wished with his real and personal property. The second paragraph of the 1959 instrument provided that the survivor was to receive "all of our property and estate * * * of whatever kind and nature * * * absolutely and without any condition or limitation whatsoever." Similar testamentary language has been found to preclude a finding that a joint will was intended to be a contract (*Matter of Zeh,* 24 AD2d 983, affd 18 NY2d 900). Absent further unequivocal language which qualifies or limits an absolute gift, "an absolute grant is inimical to the divestiture of testamentary power. (*Matter of Zeh,* 24 AD2d 983, affd 18 NY2d 900.)" (*Glass v Battista,* 43 NY2d 620, 624.) Since the 1959 will provided that decedent was "absolutely and without any condition or limitation whatsoever" entitled to his wife's property, without any subsequent provision which unmistakably demonstrated a clear intention to make the will contractually binding upon the parties, the court properly determined that the 1959 will was not a contract and that decedent was free to dispose of his property in any way he chose. The court also properly declined to admit

extrinsic evidence concerning the intent of the parties at the time the 1959 will was executed since its terms are unambiguous (see *Matter of Smith,* 254 NY 283, 289). Finally, the court erred in admitting decedent's 1973 will to probate. Both parties stated that the sole issue before the court was the contractual effect of the 1959 will; further, certain objections to the 1973 will have not been determined. (Appeal from decree of Erie County Surrogate's Court, Honan, S. — probate.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Moule, JJ.