■ NANCY OLIN, Appellant, v MICHAEL LENOCI, Individually and as Executor of the Estate of NICHOLAS LENOCI, Deceased, et al., Respondents.—In an action, *inter alia,* to compel specific performance of a contract to make a will and for the imposition of a constructive trust, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Buell, J.), dated December 20, 1983, which after a nonjury trial, dismissed the complaint.

Judgment affirmed, with costs.

To be enforceable, an agreement to make a testamentary provision of any kind must be in writing and signed by the party to be charged *(see,* EPTL 13-2.1 [a] [2]; *Dombrowski v Somers,* 41 NY2d 858, 859). In the instant case, the plaintiff produced no such writing or memorandum signed by the decedent, her uncle, to support her claim that he had promised to make her the sole beneficiary under his will. Consequently, her cause of action to compel specific performance of a contract to make a will must fail.

Furthermore, the evidence adduced at the trial was insufficient as a matter of law for the imposition of a constructive trust upon the estate of the decedent which passed under the will which was admitted to probate *(see, Oursler v Armstrong,* 10 NY2d 385). There was no evidence, for example, that the decedent had promised not to alter or revoke his earlier will. Even assuming, arguendo, that a moral obligation existed in this case, that "is not enough to set a court in motion to compel the devolution of property in a certain way" *(Oursler v Armstrong, supra,* at p 391). Consequently, the plaintiff failed to sustain her burden of proof with respect to her cause of action for the imposition of a constructive trust, and the complaint was properly dismissed. Niehoff, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.