■ In the Matter of the Estate of CATHERINE MANGIACAVALLO, Deceased. DIANE M. TSOKOS, Appellant; GINO MANGI, Also Known as GINO MANGIACAVALLO, Individually and as Executor of CATHERINE MANGIACAVALLO, et al., Respondents. —In an action, *inter alia,* to impose a constructive trust upon assets belonging to the estate of Catherine Mangiacavallo, commenced in the Supreme Court, Richmond County, and transferred to the Surrogate's Court, Queens County, the plaintiff appeals from an order of the Surrogate's Court, Queens County (Laurino, S.), dated November 27, 1989, which denied the plaintiff's motion to strike the defendants' affirmative defenses and granted the defendants' cross motion for summary judgment declaring that the 1959 will of Catherine Mangiacavallo was revocable.

Ordered that the order is affirmed, with costs payable by the appellant personally to the respondent Mangi.

The issue on appeal is whether a joint will executed by the decedent and her husband, John Mangiacavallo, on January 5, 1959, contractually bound the survivor to dispose of his or her estate in the manner specified in the joint will. The second paragraph of the joint will provides that "I, JOHN MANGIACAVALLO, give, devise and bequeath *all* my property, both real and personal, tangible and intangible that I may possess at my death, to my wife, CATHERINE MANGIACAVALLO, *absolutely and forever"* (emphasis added). The third paragraph is identical to the second paragraph except that Catherine Mangiacavallo bequeaths all of her property to her husband John Mangiacavallo. The fifth paragraph provides "Upon the death of both of us and only in that event, we hereby, give, devise and bequeath our entire estate, both real and personal, where-

soever and whatsoever situate, to our children or to the survivor, share and share alike". John Mangiacavallo died in 1967. Catherine Mangiacavallo executed a second will in 1982, which left her entire estate to her son, a defendant herein, and explicitly did not provide for her daughter, the plaintiff herein. Catherine died in 1988.

The law does not view the renunciation of the right to alter or revoke a will as a casual matter, and where such an intent is left to conjecture, a joint or mutual will will not be found contractually binding (see, Glass v Battista, 43 NY2d 620, 624; Oursler v Armstrong, 10 NY2d 385, 389). Thus, where a husband and a wife by the terms of a joint or mutual will, each individually devises his or her property to the other "absolutely", the gift cannot be qualified unless there is an equally clear intent to so qualify the gift by the provisions of the same will (see, Matter of Zeh, 24 AD2d 983, affd 18 NY2d 900; Matter of Wierzbieniec, 93 AD2d 978; Matter of Bainer, 71 AD2d 728).

Because the second paragraph of the 1959 will clearly granted to the decedent "all" of her husband's property "absolutely and forever", without any subsequent provision that unmistakably demonstrated a clear intention to make the will contractually binding upon the parties, the court properly determined that the joint will could be revoked by the survivor. Nor did the fifth paragraph, which is a provision applicable to a mutual disaster only, divest the decedent of her right to dispose of her property in any way she chose (see, Matter of Bainer, supra).

Furthermore, we find that it was proper for the Surrogate's Court to determine this dispute (see, CPLR 325 [e]). Mangano, P. J., Bracken, Kunzeman and Miller, JJ., concur.