OPINION OF THE COURT
 

 Levine, J.
 

 The decedent, Harry Alexander Cohen, and respondent Rae Cohen, an elderly, childless married couple, executed mutual wills on April 15, 1982. Each will established a trust for the life of the surviving spouse consisting of that portion of the testator’s estate "equal to the largest amount that can pass free of Federal estate tax by reason of the unified credit and the State death tax credit”, with the corpus to be distributed upon the surviving spouse’s death among named relatives of the decedent and Mrs. Cohen in specified percentages, result
 
 *152
 
 ing in an equal division of the trust property between the decedent’s family and Mrs. Cohen’s family. Each will devised the residue of the testator’s estate to the surviving spouse, absolutely.
 

 At the time they executed their wills, the decedent and Mrs. Cohen also entered into a written agreement making each of their wills irrevocable except upon the consent of the other spouse. The agreement recited that the parties had simultaneously executed wills effectively bequeathing their respective estates one half to the decedent’s relatives and one half to Mrs. Cohen’s relatives, and that they intended the wills to be permanently reciprocal so that the will of the survivor could not be changed after the first of them died. The agreement specifically provided that neither party could revoke or alter that party’s will without the written assent of the other and that any such unassented to (by both parties) revocation or alteration would not be effective as against the legatees named in that will. In another provision, the Cohens agreed that any inter vivas gift to a legatee by the surviving spouse was to be deemed an advancement on the legacy of that donee under the survivor’s will and that "every legatee [named in their wills] is hereby made a third party beneficiary of this Agreement”.
 

 Decedent died in December 1986, survived by Mrs. Cohen. She applied for and was issued letters of administration, based upon her sworn statement that she was unable to find a will of decedent despite diligent search and inquiry. Petitioner, a nephew of decedent and a legatee, coexecutor and cotrustee under the decedent’s April 1982 will, then brought a proceeding to revoke the letters of administration and to probate a conformed copy of the decedent’s April 1982 will as a lost will or, in the alternative, to enforce specific performance of the Cohens’ agreement executed with that will.
 

 After trial of the outstanding factual issues, Surrogate’s Court found that petitioner’s evidence was insufficient to overcome the presumption of revocation by the testator that attaches to a lost will (see, SCPA 1407;
 
 Matter of Fox,
 
 9 NY2d 400, 407-408). Accordingly, the court refused to admit to probate the conformed copy of decedent’s April 1982 will. The Surrogate, however, rejected on credibility grounds Mrs. Cohen’s proof that the agreement executed by her and the decedent with that will had also been revoked. The court, therefore, held that the agreement was binding on the dece
 
 *153
 
 dent’s estate, and imposed a constructive trust on the entire estate, which had been received by Mrs. Cohen in intestacy, for the benefit of the legatees named in the decedent’s 1982 will.
 

 On Mrs. Cohen’s appeal to the Appellate Division, the entire Court agreed with Surrogate’s Court’s denial of probate to the copy of the decedent’s April 1982 will because of petitioner’s failure to overcome the presumption of revocation (187 AD2d 584). A three-Justice majority upheld Surrogate’s Court’s determination that the contemporaneous agreement between the decedent and Mrs. Cohen had not been revoked, and was enforceable in equity through the imposition of a constructive trust. The Appellate Division’s majority ruled, however, that the constructive trust could only be imposed on that portion of the decedent’s estate that would not have passed outright to Mrs. Cohen under his April 1982 will, and modified the decree accordingly. The two dissenters, while agreeing with the majority that the presumption of revocation of the decedent’s lost April 1982 will had not been overcome, would have dismissed the petition and denied imposing a constructive trust on any portion of the decedent’s estate. The dissenters reasoned that enforcement of the Cohens’ agreement was dependent on the valid existence of the decedent’s April 1982 will; to rule otherwise "allows the proponent of the [lost] will to do indirectly what cannot be done directly”
 
 (id.,
 
 at 587). The Appellate Division granted leave to appeal to Mrs. Cohen and to petitioner on the certified question of whether its order of modification was correctly made. We reverse and answer the certified question in the negative.
 

 Surrogate’s Court found, and the Appellate Division affirmed unanimously, that petitioner’s proof did not overcome the presumption that the decedent had duly revoked the April 1982 will. That finding is not contested and is, therefore, conclusive on these cross appeals. In our view, that finding, in effect, that decedent had revoked his April 1982 will, precludes enforcement of the Cohens’ contemporaneous agreement through the imposition of a constructive trust on all or any portion of the decedent’s estate — which Mrs. Cohen took, not through the decedent’s will, but as his sole heir in intestacy.
 

 In each of our cases relied upon by Surrogate’s Court and the majority at the Appellate Division, in which the court’s equity power was invoked to enforce an express or implied
 
 *154
 
 agreement to make mutual or joint wills irrevocable
 
 (see, Glass v Battista,
 
 43 NY2d 620;
 
 Schwartz v Horn,
 
 31 NY2d 275;
 
 Rich v Mottek,
 
 11 NY2d 90;
 
 Tutunjian v Vetzigian,
 
 299 NY 315;
 
 Rastetter v Hoenninger,
 
 214 NY 66), the first party to die had performed the agreement by not revoking the joint or mutual will before death. The surviving party to the agreement, however, reneged by later executing a new will or making an inter vivas gift effectively nullifying a specific bequest of the will the parties made irrevocable.
 

 The basis in each of our cases for enforcing the agreement against the surviving party or the survivor’s estate by the imposition of a constructive trust is clearly that equity will not permit the surviving party to accept the benefits of the performance of the agreement by the first decedent and then to breach the agreement by disposing of the parties’ estates in a manner inconsistent with their agreement. Thus, in
 
 Tutunjian v Vetzigian (supra)
 
 we expressed the underlying rationale as follows: "[T]o permit the one who survives
 
 to gain the benefits of the joint will
 
 and then to
 
 flout its provisions
 
 in violation of the promise made to the other 'would be a mockery of justice’.
 
 (Mutual Life Ins. Co.
 
 v.
 
 Holloday,
 
 13 Abb. N. C. 16, 24.)” (299 NY, at 319 [emphasis supplied].) And we have invoked that principle from
 
 Tutunjian
 
 in our subsequent decisions on the subject
 
 (see, Schwartz v Horn,
 
 31 NY2d, at 280,
 
 supra; Rich v Mottek,
 
 11 NY2d, at 94,
 
 supra).
 
 Imposing a constructive trust to prevent the surviving party from gaining the benefits of the agreement with the first decedent and then breaching that agreement is essentially a particularized application of the more general rule which recognizes unjust enrichment as a necessary element of any cause of action for a constructive trust
 
 (see, Simonds v Simonds,
 
 45 NY2d 233, 242;
 
 Sharp v Kosmalski,
 
 40 NY2d 119, 123).
 

 In the instant case, the findings of the courts below that decedent’s will had been revoked establish that Mrs. Cohen did not reap the benefits of the decedent’s performance of their agreement to make their mutual wills irrevocable. Indeed, Mrs. Cohen’s taking of the decedent’s entire estate was as a result of the revocation of a will that had been covered by their agreement. Consequently, the affirmed findings in this case cannot support the conclusion that Mrs. Cohen would be unjustly enriched by having unrestricted discretion to dispose of her and her husband’s estate. Hence, there is no basis here for invoking a court’s equity power to control such discretion.
 

 
 *155
 
 Our conclusion that a constructive trust may not be imposed upon the estate Mrs. Cohen took by intestacy is unaffected by the designation in the Cohens’ agreement of petitioner and the other legatees named in their wills as third-party beneficiaries of that agreement. In their agreement, the Cohens each reserved the right to revoke his or her will with the assent of the other spouse. There is no claim here of any detrimental reliance upon the agreement by any legatee. At the latest, Mrs. Cohen effectively manifested her assent to the revocation of the decedent’s April 1982 will when she applied for letters of administration of his estate, and thereby precluded the third-party beneficiaries from asserting any vested rights under the Cohens’ agreement
 
 (see, Salesky v Hat Corp.,
 
 20 AD2d 114, 116-117;
 
 see also, Robson v Robson,
 
 514 F Supp 99, 103-104,
 
 affd without opn
 
 681 F2d 820; Restatement [Second] of Contracts § 311 [2]). We are not called upon to decide here what remedies either Mrs. Cohen or the legatees named in the decedent’s April 1982 will might have had in the event that Mrs. Cohen had not acceded to the revocation of her husband’s will.
 

 Accordingly, the order of the Appellate Division should be reversed, the petition dismissed, and the certified question answered in the negative, with costs to all parties appearing separately and filing separate briefs payable out of the estate.
 

 Chief Judge Kaye and Judges Simons, Bellacosa, Smith and Ciparick concur; Judge Titone taking no part.
 

 Order reversed, etc.