■ In the Matter of the Estate of RUBIN LUBINS, Deceased. MELVIN LUBINS, Appellant; MAY BASHIN, Respondent. [673

NYS2d 204] —In a proceeding to enforce a claim against the decedent's estate, the petitioner appeals from an order and decree (one paper) of the Surrogate's Court, Kings County (Feinberg, S.), dated February 24, 1997, which granted the respondent's motion for summary judgment, denied his cross motion for summary judgment, and dismissed the proceeding.

Ordered that the order and decree is affirmed, with costs payable by the appellant personally.

In 1985, the decedent Rubin Lubins and his wife Bertha executed a joint will leaving all of their property to each other. The preamble of the joint will stated that the decedent and his wife "having heretofore agreed, for valuable considerations, hereby mutually acknowledged, to make joint and mutual wills giving to the survivor of us all property, both real and personal * * * in further consideration of our mutual promises to make such joint and mutual will, do hereby make, publish and declare this, and this only, to be our Last Will and Testament".

The will further provided that in the event of a common disaster, certain real property would pass to their son and other real and personal property would pass to their daughter. The son contends that the joint will provided for the remainder of the estate to be divided equally between him and his sister; however, the sister contends that the residuary clause only applied in the event of a common disaster. The wife died in 1986 and the decedent executed a new will in 1987, which effectively disinherited the son by leaving the remainder of his estate to the daughter. The decedent died in 1993. In 1995 the son commenced this proceeding to enforce his claim to one-half of his parents' combined estate. When the daughter moved for summary judgment and the son cross-moved for the same relief, the Surrogate's Court ruled in favor of the daughter and dismissed the son's claim.

We agree with the Surrogate's Court that the joint will did not comply with EPTL 13-2.1 (b), which requires that "[a] contract to make a joint will, or not to revoke a joint will, if executed after the effective date of this paragraph [Sept. 1, 1983] can be established only by an express statement in the will that the instrument is a joint will and that the provisions thereof are intended to constitute a contract between the parties".

It is well established that a will is an ambulatory instrument, which is ordinarily revocable during the life of the testator (see, EPTL former 1-2.18 [a] now 1-2.19 [a]; *Blackmon v Estate of Battcock,* 78 NY2d 735, 739; *Tutunjian v Vetzigian,* 299 NY 315, 319). Although an individual may surrender the

power of revocation, the surrender is often viewed with strict scrutiny by the courts (*Oursler v Armstrong,* 10 NY2d 385, 389). Accordingly, there must be a clear and unambiguous manifestation of the testator's intention to renounce the future power of testamentary disposition (*Rubenstein v Mueller,* 19 NY2d 228, 232). Thus, the mere execution of a joint will does not impose a contractual obligation on the survivor (*see, Matter of Bainer,* 71 AD2d 728, 729). Moreover, joint wills are not considered contractually binding where the testators' intent is left to conjecture (*Glass v Battista,* 43 NY2d 620, 623).

In light of the foregoing principles and the statutory requirements of EPTL 13-2.1 (b), we conclude that in the absence of a clear and unambiguous statement of contractual intent, the decedent was free to revoke the joint will and execute a new will with different dispositive provisions. Santucci, J. P., Joy, Florio and McGinity, JJ., concur. [*See,* 172 Misc 2d 517.]