In the Matter of STEVEN AARON et al., Petitioners, v E. MICHAEL KAVANAGH, as Justice of the Supreme Court, et al., Respondents. [757 NYS2d 361] —Lahtinen, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to, inter alia, prohibit respondent Justice of the Supreme Court from enforcing orders entered in 15 consolidated underlying actions.

On April 30, 1990, petitioner Steven Aaron (hereinafter petitioner) was arrested and charged by respondent E. Michael Kavanagh (hereinafter respondent), then District Attorney for Ulster County, with grand larceny in the second degree stemming from the alleged unauthorized removal of more than two million dollars in currency and securities from three safe deposit boxes of his mother, respondent Lillian Aaron (hereinafter Aaron). During the pendency of the criminal action, search warrants were obtained and more than two million dollars in currency and securities were seized from petitioner. Petitioner maintained that he committed no criminal acts since he was authorized to enter the safe deposit boxes and, in any event, he owned the property that was seized. Shortly before and during the commencement of the criminal action, petitioner and/or his business, petitioner F & K Supply, Inc., and Aaron commenced 15 separate civil actions against each other in Supreme Court

in Ulster County concerning claims among various business interests owned by petitioner and Aaron. In August 1990, upon respondent's application, the criminal charges against petitioner were dismissed after petitioner and Aaron executed an agreement and release settling their respective claims to the two million dollars in currency and securities seized from petitioner.

By 1999, respondent was a Supreme Court Justice and the 15 separate civil claims between petitioner, his business and Aaron had been consolidated and reassigned to him. Respondent has decided the civil claims and petitioner's perfected appeal from his final orders are pending. Four months after petitioner's appeal from respondent's final orders was perfected, petitioners, through their new appellate counsel, commenced this CPLR article 78 proceeding against respondents, seeking a determination that all orders issued by respondent are null and void because, by virtue of his 1990 prosecution of the criminal charge against petitioner, he was statutorily disqualified by Judiciary Law § 14 from presiding over the civil actions.

Petitioners' claim is without merit. Judiciary Law § 14, in relevant part, disqualifies a judge who "sit[s] as such in, or take[s] any part in the decision of, an action, claim, matter, motion or proceeding * * * in which he has been attorney or counsel." As petitioners concede, the civil litigation over which respondent presided comprise claims which are separate and distinct from the grand larceny charge which respondent had prosecuted nearly a decade earlier. Accordingly, on these facts, statutory disqualification is not required.

Where disqualification is not statutorily required, a trial judge's decision to deny a litigant's motion for recusal will not be overturned unless it was an abuse of discretion. Here, petitioner consented to nonjury proceedings before respondent and never raised the issue of respondent's disqualification until three years after the civil litigation was assigned to respondent, eight months after petitioner substituted trial counsel for his present appellate counsel and four months after he perfected his appeal from the verdict rendered in the nonjury trial. Clearly, any claim of judicial bias is unpreserved for review (*see People v Darling*, 276 AD2d 922, 924 [2000], *lv denied* 96 NY2d 733 [2001]; *Matter of Nunnery v Nunnery*, 275 AD2d 986, 987 [2000]). Moreover, petitioners provide no evidence, beyond mere speculation, that respondent failed to "ma[ke] an objective determination based upon appropriate legal criteria," in the underlying civil actions despite his earlier prosecution of petitioner (*People v McCulloch*, 226 AD2d 848,

850 [1996], *lv denied* 88 NY2d 1070 [1996]; *see People v Moreno* 70 NY2d 403, 406 [1987]).

Cardona, P.J., Mercure and Kane, JJ., concur. Adjudged that the petition is dismissed, without costs.