■ In the Matter of the Estate of Philip Thompson, Deceased. Claudia Thompson, Petitioner, and Stephen Thomp-

SON, Appellant; NANCY THOMPSON, Individually and as Executor of PHILIP THOMPSON, Deceased, Respondent. [768 NYS2d 233] —Lahtinen, J. Appeals (1) from an order of the Surrogate's Court of Rensselaer County (Hummel, S.), entered September 18, 2002, which dismissed petitioners' application for the establishment of a constructive trust, and (2) from an order of said court, entered December 17, 2002, which denied petitioner Stephen Thompson's motion for reconsideration.

At the time of their marriage, decedent and respondent each had children from prior marriages. They consulted an attorney regarding estate planning and, in July 1993, decedent executed a will transferring his personal property and residuary estate to respondent. The will also established a trust for respondent's life, with the remainder going equally to the five children from the prior marriages of decedent and respondent. Decedent died in March 2001 and, in January 2002, respondent was appointed executor. Thereafter, petitioners—two of decedent's three children—commenced this proceeding alleging that decedent and respondent had made an agreement to leave all their assets to each other and, upon the death of the surviving spouse, to divide the remaining assets equally among their children. Petitioners asserted that respondent does not intend to honor this alleged agreement and, thus, they sought, among other things, to impose a constructive trust on decedent's property. Surrogate's Court dismissed the petition and denied the subsequent motion to renew. Petitioner Stephen Thompson (hereinafter petitioner) appeals.

Two persons may agree to dispose of their estate in a particular manner and the instruments used for such an agreement include irrevocable mutual or joint wills (see Matter of Cohen, 83 NY2d 148, 153-154 [1994]). The renunciation of the right to alter or revoke a will, however, is not viewed as "a casual matter" (Oursler v Armstrong, 10 NY2d 385, 389 [1961]; see Glass v Battista, 43 NY2d 620, 624 [1978]). "[T]he law strictly scrutinizes the renunciation of the right to revoke a will and requires a threshold showing of clear and unambiguous evidence to give effect to this surrender of rights" (Blackmon v Estate of Battcock, 78 NY2d 735, 739 [1991]; see Matter of Di Siena, 178 AD2d 720, 722 [1991]). Where a promise or agreement regarding the distribution of property is shown to exist within the context of the confidential relationship between a husband and wife and it is further shown that the surviving party accepted the benefit of the decedent's performance of the agreement, but then acted inconsistent with the agreement resulting in unjust enrichment, a constructive trust may be an

available remedy (*see Matter of Cohen, supra* at 154; *Matter of O'Rourke,* 232 AD2d 642 [1996], *lv denied* 89 NY2d 810 [1997]; *see also Sharp v Kosmalski,* 40 NY2d 119 [1976]).

Here, decedent's will reveals no intent to create irrevocable mutual wills with respondent. The residuary disposition reflects a contrary intention, as decedent gave his property "unto my beloved wife * * * to be hers absolutely, to the exclusion of any children of mine now or hereafter born." Such absolute language runs counter to the contention that the parties agreed to renunciate the right of the survivor to dispose of this property as she saw fit (*see Matter of Di Siena, supra* at 722; *see also Blackmon v Estate of Battcock, supra* at 741).

Petitioner argues that a promise to ultimately divide all assets among the five children can be inferred from a letter that respondent wrote to her attorney in April 1993, which stated: "Enclosed is a copy of our wills. We would like our estate to be left to our five children equally not to include grandchildren. If one of our children should die, we would like that portion to go back to the estate and not to their surviving spouse." This statement, however, is directed toward the issue of whether a spouse or child of a predeceased child should be entitled to anything under the will. Indeed, a clause consistent with these instructions was placed in the will regarding disposition of the trust and for the contingent beneficiaries under the residuary clause. Such language cannot, however, be fairly construed as clear and unambiguous evidence of an intent to establish irrevocable mutual wills, particularly when considered in light of the language actually employed in decedent's will. The petition contained no other factual basis for finding a promise, express or implied, not to change the wills and, thus, Surrogate's Court properly dismissed the petition (*cf. Maynor v Pellegrino,* 226 AD2d 883 [1996]).

Nor are we convinced that Surrogate's Court abused its discretion in refusing to consider an affidavit submitted from decedent's brother in a motion to renew. As noted by Surrogate's Court, petitioner had a substantial period of time to elicit this information from decedent's brother while the proceeding was pending, and failed to do so in a timely fashion. "[A] justifiable excuse will be deemed absent where the new facts were capable of being discovered at the time the original motion was made" (*Matter of Dyer v Planning Bd. of Town of Schaghticoke,* 251 AD2d 907, 910 [1998], *appeal dismissed* 92 NY2d 1026 [1998], *lv dismissed* 93 NY2d 1000 [1999]). In any event, the subject affidavit is silent about any intention on the part of decedent and respondent to renounce their respective

rights to revoke their wills and does not raise a question of fact in that regard.

Mercure, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the orders are affirmed, without costs.