■ LILLIAN AARON et al., Respondents, v STEVEN AARON, Appellant. [882 NYS2d 776]—

Cardona, P.J. Appeals (1) from an order of the Supreme Court (Work, J.), entered February 5, 2008 in Ulster County, which, among other things, declared that a certain letter was precatory and unenforceable, and (2) from the judgment entered thereon.

These appeals represent yet another round in a protracted legal battle between plaintiff Lillian Aaron (hereinafter plaintiff) and defendant, her eldest son, that began following the June 1985 death of Martin Aaron (hereinafter decedent), plaintiff's late husband and defendant's father.[1] Prior to his death, decedent executed a will on May 3, 1985 appointing plaintiff as his executor and leaving his entire estate to her, with the exception of a $50,000 bequest to his sister and the forgiveness of a promissory note in the amount of $853,000, payable to him by defendant for the purchase of the family hardware store. In conjunction therewith, decedent authored a separate letter, which both he and plaintiff signed, outlining his wish that his commercial real estate holdings be allocated to his three chil-

---

**1.** See e.g. Aaron v Aaron, 2 AD3d 942 (2003); F&K Supply v Willowbrook Dev. Co., 304 AD2d 918 (2003), lv denied 1 NY3d 502 (2003); Matter of Aaron v Kavanagh, 304 AD2d 890 (2003), lv denied 1 NY3d 502 (2003); F & K Supply v Willowbrook Dev. Co., 288 AD2d 713 (2001); Matter of Aaron, 232 AD2d 758 (1996).

dren upon plaintiff's death or remarriage. Plaintiff executed a will three months after decedent's death that, among other things, provided for the disposition of the commercial properties as described in that letter.

Difficulties thereafter developed between plaintiff and defendant and, in October 1988, plaintiff executed a new will revoking her 1985 will, disinheriting defendant and leaving the bulk of her estate, including the commercial properties referenced in the May 1985 letter, to her remaining two children, plaintiffs Randi Weinick and Craig Aaron. Subsequently, the relationship between plaintiff and defendant continued to deteriorate and, in May 2003, plaintiffs commenced this action seeking a declaration that decedent's May 1985 letter was precatory and unenforceable. Defendant answered and asserted counterclaims requesting, among other things, the imposition of a constructive trust and an award of money damages. Following a nonjury trial, Supreme Court declared the subject letter to be precatory and nonbinding and dismissed defendant's counterclaims. This appeal ensued.

Initially, we are unpersuaded by defendant's argument that the May 1985 letter authored by decedent and signed by plaintiff constituted a binding contract compelling plaintiff to dispose of the commercial properties upon her death or remarriage in accordance with the terms outlined therein. Significantly, a contract to make a testamentary provision not only must be in writing and subscribed by the party to be charged with its performance (*see* EPTL 13-2.1 [a] [2]), but must further evince "a clear and unambiguous manifestation of the testator's intention to renounce the future power of testamentary disposition" (*Matter of Lubins*, 250 AD2d 850, 852 [1998]; *see Matter of American Comm. for Weizmann Inst. of Science v Dunn*, 10 NY3d 82, 92 [2008]; *Blackmon v Estate of Battcock*, 78 NY2d 735, 739 [1991]; *Oursler v Armstrong*, 10 NY2d 385, 389 [1961]; *Schloss v Koslow*, 20 AD3d 162, 166 [2005]; *Matter of Thompson*, 309 AD2d 1013, 1014 [2003]).[2] We agree with Supreme Court's conclusion that the requisite showing regarding plaintiff's intention has not been set forth herein.

As noted at the outset, decedent's May 1985 will left his entire estate—save two bequests not relevant herein—to plaintiff, including the commercial real estate holdings at issue, and vested plaintiff, as his executor, with "absolute discretion" to,

---

**2.** Whether such writing is "characterized as forming a purported contract to make a testamentary bequest or one not to revoke a prior will is immaterial," as such contracts are deemed to be equivalent (*Matter of American Comm. for Weizmann Inst. of Science v Dunn*, 10 NY3d at 92 n 5).

among other things, "sell or dispose of or grant options to purchase any property, real or personal, constituting a part of [his] [e]state . . . upon such terms and conditions as [s]he may deem best." The May 1985 letter authored by decedent in conjunction therewith expresses his "wish" that those commercial properties be conveyed by plaintiff to their three children upon her death or remarriage.[3] Here, the parties debate the import of the term "wish," the specificity with which the relevant conveyances and their respective triggering events are identified, the effect of plaintiff's unwitnessed signature on the letter and whether there is adequate consideration to support the alleged agreement. However, we do not need to resolve these issues in light of the letter's fatal flaw—namely, the absence of a clear and unambiguous promise therein on the part of *plaintiff* to convey the commercial properties in the manner desired by decedent (*see Olin v Lenoci,* 119 AD2d 739 [1986]).

While the conversations referenced in the letter and decedent's expressed desires might arguably impose upon plaintiff a moral obligation to carry out her spouse's wishes, the case law makes clear that "a moral obligation alone is not enough to set a court in motion to compel the devolution of property in a certain way" (*Oursler v Armstrong,* 10 NY2d at 391; *see Olin v Lenoci,* 119 AD2d at 739). Noticeably absent from the four corners of the letter is clear and unambiguous evidence of a promise by plaintiff to dispose of the properties in accordance with decedent's wishes, which is an absolute prerequisite to imposing upon her a *legal* obligation to do so. Absent such indisputable proof, Supreme Court properly found the May 1985 letter to be precatory and nonbinding upon plaintiff (*see Wigand v Murphy,* 263 AD2d 724, 726 [1999]; *Matter of May,* 213 AD2d 838, 840 [1995], *lv dismissed* 85 NY2d 1032 [1995]).[4]

We reach a similar conclusion regarding the dismissal of defendant's counterclaim seeking the imposition of a construc-

---

**3.** Specifically, the letter recites, "This letter is to confirm our conversations about the disposition of my properties upon your remarriage or death . . . [A]s you know, it is my wish that the commercial properties be conveyed by you to our children upon your remarriage or upon your death. My wishes are as follows." Of the 12 commercial properties thereafter delineated in that letter, decedent's wish was set forth that nine of the properties be conveyed upon plaintiff's death or remarriage, whereas the remaining three properties were to be conveyed only upon plaintiff's death.

**4.** To the extent that defendant purports to offer evidence relative to decedent's intent in drafting the letter, resort to extrinsic evidence *is* unwarranted here (*see generally Hudock v Village of Endicott,* 28 AD3d 923, 924 [2006]) and, in any event, defendant's proffer falls short of establishing that plaintiff obtained decedent's estate upon the promise that she would distribute it to their children in accordance with his wishes.

tive trust. The elements of a constructive trust include, among other things, a promise and a transfer in reliance thereon, both of which are lacking here (*see Oursler v Armstrong*, 10 NY2d at 392-394; *Matter of Thompson*, 309 AD2d at 1014-1015; *Olin v Lenoci*, 119 AD2d at 739; *compare Matter of Urdang*, 304 AD2d 586, 587 [2003]). Moreover, while unjust enrichment is also an element for a constructive trust, inasmuch as decedent bequeathed his commercial properties to plaintiff outright, without any conditions or caveats attached thereto, it cannot be said this element has been demonstrated. In sum, the record before us provides no basis for the imposition of a constructive trust.

Defendant's remaining arguments, to the extent not specifically addressed herein, have been examined and found to be lacking in merit.

Rose, Kane, McCarthy and Garry, JJ., concur. Ordered that the order and judgment are affirmed, with costs.