■ NATIONAL URBAN VENTURES, INC., et al., Appellants, v CITY OF NIAGARA FALLS et al., Respondents. (Appeal No. 1.) [910 NYS2d 615]—

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered December 14, 2009. The order granted the motion of defendants for summary judgment,

dismissed the complaint and vacated and cancelled the notice of pendency filed by plaintiffs.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking specific performance of a lease agreement or, alternatively, damages in the event that specific performance was no longer an available remedy. We conclude that Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint inasmuch as the action is time-barred. The statute of limitations for a breach of contract action is six years (*see* CPLR 213 [2]), and the statute of limitations generally begins to run "from the time the cause of action accrued" (CPLR 203 [a]). "In New York, a breach of contract cause of action accrues at the time of the breach," even in the event that damages do not accrue until a later date (*Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399, 402 [1993]; *see John J. Kassner & Co. v City of New York*, 46 NY2d 544, 550 [1979]). We note in addition that the statute of limitations begins to run from the date of the first alleged breach (*see Sullivan v Troser Mgt., Inc.*, 15 AD3d 1011 [2005]). Here, defendants purported to terminate the lease agreement in 1992 and again in 2000, following an amendment to the lease agreement. Plaintiffs did not commence this action until 2008, well beyond the six-year statute of limitations.

Contrary to plaintiffs' contention, the statute of limitations was not tolled by virtue of other actions between the parties. Although "[a]n acknowledgment will toll or restart the running of the applicable statute of limitations if it is in writing, recognizes the existence of the obligation and contains nothing inconsistent with an intent to honor the obligation" (*id.* at 1011-1012), nothing in the declaratory judgment action commenced by defendants in 2000 constituted an acknowledgment of any existing obligations.

Because we conclude that the defendants' motion was properly granted on the ground that the action was time-barred, we see no need to address plaintiffs' remaining contentions with respect to the merits of the motion.

Finally, plaintiffs contend for the first time on appeal that the court was biased in favor of defendants, and thus that contention is not preserved for our review (*see Ginther v Ginther*, 13 AD3d 1128 [2004]; *Matter of Aaron v Kavanagh*, 304 AD2d 890, 891 [2003], *lv denied* 1 NY3d 502 [2003]). In any event, we conclude that plaintiffs' contention lacks merit. Present—Martoche, J.P., Lindley, Sconiers, Pine and Gorski, JJ.