Barbra Michelle Miller et al., Appellants, v Iris W. Miller et al., Respondents. [918 NYS2d 417]—

The 1975 stipulation pursuant to which plaintiffs claim entitlement to their deceased father's pension death benefits was superseded by the stipulation entered into between their parents in 1990. The 1990 stipulation was expressly intended "to settle all of the demands, claims, counterclaims, set-offs and defenses in the above-captioned matter [the divorce action], and to settle all disputes, claims, and agreements between the parties, and to once and for all put this matter to rest," and therefore encompassed the parents' ongoing dispute over the father's obligation to name plaintiffs as irrevocable beneficiaries under his pension. Furthermore, the 1990 stipulation provided that it "contain[ed] the entire agreement of the parties and supersede[d] and replace[d] any and all prior agreements or Court Orders previously entered in the above captioned matter." Thus, it is clear that the parents intended to replace the 1975 stipulation with the 1990 stipulation.

In any event, the pension death benefits that the father promised plaintiffs when they were young children were his active service benefits, which would have been payable only if he had died before retiring. When he retired in 2001, he applied for "Option II" post-retirement death benefits, which entitled him to reduced payments during his lifetime and payments in the same amount for his designated beneficiary after his death for the remainder of the beneficiary's life (see Administrative Code of City of NY § 13-558). The Teachers' Retirement System is obligated by law to honor his choice of beneficiary (see id.; see generally Matter of Creveling v Teachers' Retirement Bd., 255 NY 364, 372-373 [1931]).

Plaintiffs contend that their parents had no authority to extinguish the father's obligation, originally agreed to in the 1975 stipulation, to name them as irrevocable beneficiaries without their consent. To the extent they claim entitlement to the benefits as third-party beneficiaries of a child support obligation embodied in the 1975 stipulation, their argument fails

because the right to receive child support belongs to the custodial parent, not to the child (*see Kendall v Kendall*, 200 App Div 702 [1922]). To the extent they claim entitlement to the benefits as third-party beneficiaries of nonsupport obligations under the 1975 stipulation, their argument fails because they have no right to enforce a superseded agreement—even one superseded without their consent—when the benefit they seek to enforce had not yet vested before the agreement was modified and the superseded agreement did not prohibit its modification (*see Salesky v Hat Corp. of Am.*, 20 AD2d 114 [1963]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Tom, J.P., Sweeny, Renwick, Freedman and Manzanet-Daniels, JJ.

Motion seeking to amend record granted.