Matter of Attanasio (2018 NY Slip Op 01527)





Matter of Attanasio


2018 NY Slip Op 01527


Decided on March 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 8, 2018

525230

[*1]In the Matter of MARIO ATTANASIO, Deceased. THOMAS PALMA, Appellant; DEAN M. ATTANASIO, as Executor of the Estate of MARIO ATTANASIO, Deceased, Respondent.

Calendar Date: January 16, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Rumsey, JJ.


Parisi, Coan & Saccocio, PLLC, Schenectady (Gerard F. Parisi of counsel), for appellant.
Englert, Coffey, McHugh & Fantauzzi, LLP, Schenectady (Peter V. Coffey of counsel), for respondent.


Lynch, J.

MEMORANDUM AND ORDER
Appeal from an order of the Surrogate's Court of Schenectady County (Versaci, S.), entered August 2, 2016, which, in a proceeding pursuant to SCPA 2105, among other things, granted respondent's cross motion for summary judgment dismissing the petition.
On October 13, 2009, Mario Attanasio (hereinafter decedent) and petitioner entered into an agreement concerning the management of eight rental properties owned by decedent.
Essentially, the agreement provided that, upon decedent's death, petitioner would manage the properties for a period of 25 years and retain "all the net proceeds." Thereafter, in November 2011, decedent executed a document purporting to revoke and terminate the October 2009 agreement. In February 2012, decedent executed a will bequeathing the properties as part of his residuary estate to respondent, who was also named as the executor of decedent's estate. Petitioner commenced this proceeding pursuant to SCPA 2105, seeking to compel delivery of the properties to him in accord with the agreement. Respondent filed objections, and, following discovery, both parties moved for summary judgment. Surrogate's Court denied petitioner's motion and granted respondent's cross motion dismissing the petition. Petitioner now appeals.
We affirm. The parties do not dispute that the October 2009 agreement was a contract between petitioner and decedent, but disagree as to whether it was immediately binding or testamentary in nature. A "testamentary disposition" is defined as "[t]he act of transferring something to another's care or possession" that "take[s] effect upon the death of the person making it, who retains substantially entire control of the property until death" (Black's Law Dictionary [10th ed 2014], disposition). The agreement expressed that decedent was "desirous of preserving" the properties "after he passes away," and stated his "wishes" that petitioner receive as consideration for his services "all dividend checks that are received by [decedent]." The agreement further specified that petitioner's duties would begin "upon [decedent's] death." In the event that petitioner was unable to perform as required, the agreement provided that it would terminate "and the properties and this income" would revert to the heirs of decedent. In our view, these operative terms are testamentary in nature. Pursuant to EPTL 13-2.1 (a) (2), "a contract to make a testamentary provision of any kind" must be "in writing and subscribed by the party to be charged." There is no dispute that these statutory conditions were met here. Such agreements "must further evince a clear and unambiguous manifestation of the testator's intention to renounce the future power of testamentary disposition" (Aaron v Aaron, 64 AD3d 1103, 1104 [2009] [internal quotation marks and citation omitted], lv denied 13 NY3d 714 [2010]; see Matter of American Comm. for Weizmann Inst. of Science v Dunn, 10 NY3d 82, 92 [2008]). This requirement derives from the ambulatory nature of wills and a testator's "right to freely revoke a will until death," and applies with equal force to a contract that is testamentary in nature (Matter of American Comm. for Weizmann Inst. of Science v Dunn, 10 NY3d at 92). There is no language in this agreement evincing an intent to make the agreement irrevocable. That alone renders the agreement unenforceable, a result consistent with decedent's subsequent revocation document. Accordingly, we conclude that Surrogate's Court properly granted respondent's cross motion and dismissed the petition.
McCarthy, J.P., Devine, Clark and Rumsey, JJ., concur.
ORDERED that the order is affirmed, with costs.